# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| **MARK L. MARTINEZ,** | |
| **Plaintiff,** | **No. C12-0077** |
| **vs.** | **ORDER DENYING MOTION FOR** |
| **U.S. BANK,** | **LEAVE TO AMEND ANSWER** |
| **Defendant.** | |

On the 8th day of October, 2013, this matter came on for hearing on the Motion for Leave to Amend Answer and Defenses (docket number 17) filed by the Defendant on September 4, 2013. The Defendant was represented by its attorneys, Karin Johnson and Britt C. Teply. No appearance was made for Plaintiff.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 30, 2012, Plaintiff Mark L. Martinez filed a petition at law in the Iowa District Court for Linn County, seeking damages from Defendant U.S. Bank for employment discrimination on the basis of his national origin. The action was removed to this Court on August 10, 2012. U.S. Bank filed an answer on August 10, denying the material allegations and asserting a number of affirmative defenses.

On October 26, 2012, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to a January 8, 2013 deadline for amending the pleadings. After consulting with counsel, the matter has been scheduled for trial on March 3, 2014.

On April 17, 2013, the parties jointly moved to extend the deadlines for disclosing expert witnesses, completing discovery, and filing dispositive motions. The discovery

deadline was extended to September 8, 2013, with the deadline for filing dispositive motions extended to October 8, 2013. The parties were reminded that March 3, 2014 remains a firm trial date.

According to U.S. Bank's instant motion, Martinez deposed Charles Frederick, his former supervisor at the bank, on August 1, 2013. At that time, Frederick allegedly "provided new information regarding actions taken by Plaintiff with regard to confidential documents belonging to Defendant, and concerning Plaintiff's misuse of the corporate credit card assigned to him."[1] Specifically, Frederick testified that approximately an hour after Martinez left the bank following his termination, Frederick got a call from a local payday loan company telling him that Martinez dropped off "a bunch of information from U.S. Bank" and asked them to shred it. The bank retrieved the shredded documents and "pieced things back together." Some of the documents revealed that Martinez had misused a corporate credit card. U.S. Bank asserts that "[e]ach of those acts of misconduct would have constituted terminable offenses had Defendant known about them while Plaintiff was still employed by Defendant."[2] U.S. Bank filed the instant motion approximately one month after Frederick's deposition, asking that it be permitted to amend its answer to include an additional affirmative defense alleging "[t]he claims and damages asserted in Plaintiff's Petition at Law and Jury Demand are barred, in whole or in part, by the after-acquired evidence doctrine." Martinez argues that the motion is not timely.

## II. DISCUSSION

Unless it is permitted to amend its pleading "as a matter of course," a party may only amend with the opposing party's consent or the Court's leave. FED. R. CIV. P. 15(a). Here, U.S. Bank is not entitled to amend its answer as a matter of course, and Martinez

---

[1] Motion for Leave to Amend Answer at 1-2, ¶ 4 (docket number 17 at 1-2).

[2] *Id.* at 2, ¶ 4 (docket number 17 at 2).

does not give his consent. Accordingly, U.S. Bank asks for the Court's leave to amend. The rules impose a liberal standard in determining whether an amendment should be permitted. RULE 15(a)(2) ("The court should freely give leave when justice so requires."). A different standard applies, however, if the motion for leave to amend is filed *after* the deadline for amending pleadings as established in the scheduling order. An extension of the deadline under the scheduling order requires a showing of "good cause" and requires the judge's consent. RULE 16(b)(4).

"The interplay between RULE 15(a) and RULE 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). That is, when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, the good-cause standard of RULE 16(b) governs, rather than the more liberal standard of RULE 15(a). *Id.* (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). "If we considered only RULE 15(a) without regard to RULE 16(b), we would render scheduling orders meaningless and effectively would read RULE 16(b) and its good cause requirement out of the FEDERAL RULES OF CIVIL PROCEDURE." *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 417, 419 (11th Cir. 1998)). *See also Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

Here, the deadline for amending pleadings was January 8, 2013. U.S. Bank's instant motion was not filed until September 4, 2013 — some eight months later. Accordingly, the Court must first determine whether U.S. Bank has shown good cause for modifying the scheduling order. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, but the court will generally not consider prejudice if the movant has not been

3

diligent in meeting the scheduling order's deadlines. *Id.* at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

U.S. Bank argues that it "has good cause for bringing its amendment because it lacked information providing it a basis to do so prior to August 1, 2013.[3] According to U.S. Bank, it was not until Martinez took the deposition of Charles Frederick that U.S. Bank had a factual basis to assert an after-acquired evidence defense. In response, Martinez notes that the facts allegedly supporting the defense came from U.S. Bank's "primary witness," Martinez's former supervisor. Martinez argues that "U.S. Bank had ready access to the witness who had knowledge of other reasons for Martinez's discharge from the beginning of the case and should have asked if there were other instances of misconduct."[4] Because the "newly discovered evidence" came from U.S. Bank's own employee, and did not come from Martinez or some third person, Martinez argues that U.S. Bank lacked diligence in failing to discover it sooner.

The deadline for amending the pleadings is routinely set early in the action, well before the deadline for completion of discovery. In this case, for example, the parties agreed to a January 8, 2013 deadline to amend pleadings, with the discovery deadline set on July 8, 2013 (and later extended at the parties' request to September 8, 2013). It is not uncommon for a party to discover facts during the course of pretrial discovery which may justify an amendment to the pleadings. *See, e.g., McCormack v. United States*, 2011 WL 2669447 (E.D. Mo. 2011) (granting leave to amend complaint four months after the deadline when the delay was "at least partially caused" by the nonmovant); *Schwend v. U.S. Bank*, 2011 WL 5039812 (E.D. Mo. 2011) (granting leave to amend complaint four months after the deadline due to discovery obtained from the defendant). The issue in this

---

[3] U.S. Bank's Reply (docket number 23) at 1.

[4] Response to Motion to Amend Answer at 3 (docket number 18 at 3).

4

case, however, is whether good cause to amend exists when the "newly discovered evidence" was available to the movant all along.

The parties have not cited any cases directly on point, and the Court has found none.[5] In *Sherman* — the Eighth Circuit case cited most often when addressing an untimely motion to amend the pleadings — the district court granted the defendant's motion to amend its answer to include an affirmative federal-law preemption defense. The Eighth Circuit Court of Appeals remanded, finding that the district court had failed to properly determine whether good cause justified the motion filed 17 months after the deadline for amending the pleadings. The Court noted that even though preemption is a purely legal defense, the defendant waited until almost 18 months after the deadline for amending pleadings, and 8 full months after it was actually aware of the preemption defense's applicability, before filing a motion for leave to amend. 532 F.3d at 717. In the instant action, U.S. Bank claims it learned "new information" one month prior to filing its motion, but the information was known to Frederick — the supervisor who fired Martinez — from the outset of the case.

In *Popoalii*, one of the cases cited by the Eighth Circuit in *Sherman*, the plaintiff sought leave to amend the complaint six months after the deadline for amending pleadings, as designated in the court's scheduling order. The plaintiff, who was an inmate in a Missouri prison, sought to add a negligence count to her earlier claim of deliberate indifference in treating a medical condition. The Eighth Circuit Court of Appeals concluded that the district court properly denied the motion for leave to amend because "if Popoalii had sufficient facts to plead deliberate indifference, she likely had sufficient facts to allege negligence because a showing of deliberate indifference is greater than

---

[5] Indeed, U.S. Bank's motion refers to Rule 15, does *not* refer to Rule 16, and does not cite any cases.

5

negligence." 512 F.3d at 497. Similarly, in *Rahn*, the plaintiff — also an inmate in Missouri — was not permitted to amend his complaint after the deadline for doing so had expired. 464 F.3d at 822.

Turning to the facts in the instant action, Martinez initially sued U.S. Bank in state court on April 30, 2012. The case was removed to this court and the parties agreed to a January 8, 2013 deadline for amending the pleadings. That is, U.S. Bank had more than eight months after the case was filed to investigate the claims and assert appropriate affirmative defenses. At the instant hearing, U.S. Bank's counsel advised the Court that they had spoken with Martinez's former supervisor, Charles Frederick, at least twice prior to his deposition on August 1, 2013. Counsel did not specifically ask Frederick about "after acquired evidence," and Frederick apparently did not disclose the rather dramatic events which occurred on the day Martinez was terminated.

The Court concludes that even if this information was not known to U.S. Bank's *attorneys* until August 1, it was known to *U.S. Bank* all along. Martinez's alleged shredding of documents or misuse of the corporate credit card was not some minor detail or insignificant event. While the Court has been unable to find any authority directly on point, it believes that if the "newly discovered information" was within the knowledge of the movant all along, it cannot constitute good cause for a late-filed amendment, even if the information may not have been known to counsel. If U.S. Bank had acted diligently, the information would have been discovered by counsel, and it could have complied with the January 8, 2013 pleadings deadline. Because U.S. Bank failed to act diligently in this regard, the Court finds that it has failed to establish good cause for an extension of the deadline established in the Scheduling Order. *Sherman*, 532 F.3d at 716 ("The primary measure of good cause is the movant's diligence in attempting to meet the order's

6

requirements."); *Hartis*, 694 F.3d at 948 (same). Because good cause has not been established, the motion for leave to amend will be denied.[6] FED. R. CIV. P. 16(b)(4).

### III. ORDER

For the reasons set forth above, the Court finds that the Motion for Leave to Amend Answer and Defenses (docket number 17) filed by the Defendant is **DENIED**.

DATED this ___8^{th}___ day of October, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[6] If the movant has not been diligent in meeting the scheduling order's deadlines, then the court will generally not consider prejudice to the nonmovant. *Sherman*, 532 F.3d at 717; *Bradford*, 249 F.3d at 809.

7